NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—November, 1887.

MATTER OF NESMITH.

*In the matter of the estate of* LOUIS A. NESMITH, *deceased.*

In fixing the penalty of the bond of an administrator, *c. t. a.*, about to succeed an administrator appointed as in case of intestacy, regard must be had to the amount of an unpaid legacy, although the assets, wherewith to satisfy it may have been distributed among the next of kin.

A legacy of " one thousand," without further words of description, will, for the same purpose, be deemed to mean $1,000, in view of the circumstance that the beneficiary's rights might be so adjudicated, in a proper proceeding, by a competent tribunal.

APPLICATION to fix penalty of bond of administrator, with the will of decedent annexed.

GEO. P. SMITH, *for administrator.*

J. K. HAYWARD, *opposed.*

THE SURROGATE.—The will of this decedent having been admitted to probate, and it having been heretofore decided that Mary D. Nesmith is entitled to letters of administration, *c. t. a.,* I am now asked to fix the amount of the administration bond. Before probate of the will, letters of administration, as in case of intestacy, were issued to Frank M. Nesmith; it is claimed that he had fully administered the estate before his letters were revoked by reason of such probate.

By one of the provisions of the will, a legacy is given to Martha Manderson, which legacy it is admitted has not been paid. It is true that the administrator, *c. t. a.,* cannot recover from any of the decedent's next of kin the moneys which have been paid to him or her by the former administrator, but it is by no means clear that a judgment for the full amount of Mrs. Manderson's legacy may not be recovered against such former administrator. It is insisted that, because he gave a bond in the sum of $400 only, the penalty of the bond which can now be exacted should not exceed double that amount. It is true that no recovery can be had, against the sureties on the $400 bond, in excess of that sum, but the claim against the administrator is not thus limited.

It is further insisted that Mrs. Manderson has no interest in this estate, because of an alleged uncertainty appearing on the face of the will. The will directs that she be paid a legacy of "one thousand"; the

word dollars is not used by the testator.   It was held by the chancellor in Snyder v. Warbasse (3 *Stockt.*, 463), that the omission of the word " dollars," under circumstances similar to the present, was palpably a mistake of the scrivener ; that the testator's intention to use that word was apparent on the face of the will, and that the court had full jurisdiction to supply the omission.   The respondent is correct in his insistance that, in the present proceeding, the Surrogate cannot construe the word " dollars " into this testator's will; but, in fixing the penalty of the bond of the administrator, *c. t. a.*, it is proper to assume that the petitioner's contention in this regard *may* be upheld.

I hold, therefore, that bond must be given in the sum of $2,000.